**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

JAMES INGRAM,

    Plaintiff,

v.

                                     Case No.   1:18-cv-03269

NAVIENT SOLUTIONS, LLC,

    Defendant.

## COMPLAINT

NOW COMES, JAMES INGRAM, through counsel, SULAIMAN LAW GROUP, LTD., complaining of NAVIENT SOLUTIONS, LLC, as follows:

## NATURE OF THE ACTION

1.      This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims.

3.      Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

## PARTIES

4.      JAMES INGRAM ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.      NAVIENT SOLUTIONS, LLC ("Navient") is a foreign limited liability company with its principal place of business in Reston, Virginia.

7.      Navient is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8.      At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 0171.

9.      At all times relevant, Plaintiff's number ending in 0171 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

11.     Plaintiff's daughter completed an application for a student loan.

12.     The application listed Plaintiff as cosigner.

13.     Plaintiff's daughter's student loan became delinquent.

14.     During the summer months of 2017, Plaintiff started to receive phone calls from Navient.

15.     When answering Navient's phone calls, Plaintiff would be greeted by a prerecorded message or experience a silent pause before he was connected to a live representative.

16.     During summer months of 2017, Plaintiff initially requested that Navient stop calling.

17.     On multiple and numerous occasions thereafter, Plaintiff renewed his request that Navient stop calling.

18.     Despite Plaintiff's requests that these phone calls cease, Navient continued (and continues) to call Plaintiff's cellular telephone.

19.     Despite Plaintiff's request to stop the phone calls, Nelnet called Plaintiff no less than 265 times to date.

## DAMAGES

20.     Navient's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

21.     Navient's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of her telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)

22.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

23.     Navient placed or caused to be placed no less than 265 non-emergency calls, including but not limited to the aforementioned solicitation calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

24.     In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute.  18 F.C.C.R. 14014, 14091-93 (2003).

25.     Upon information and belief, based on the lack of prompt human response, Navient employed an ATDS to place calls to Plaintiff's cellular telephone.

26.     Upon information and belief, the ATDS employed by Navient transfers the call to a live representative once a human voice is detected, hence the clear pause.

27.     Upon information and belief, Navient acted through its agents, employees, and/or representatives at all times relevant.

28.     As a result of Navient violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

29.     As a result of Navient's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.     find that Navient violated 47 U.S.C. § 227 *et seq.*;

B.     enjoin Navient from placing any further calls to Plaintiff's cellular telephone number ending in 0171 in the future;

C.     award statutory damages of at least $500.00, and treble damages of up to $1,500.00, for each and every violation; and

D.     grant any other relief deemed appropriate and equitable.

## **<u>DEMAND FOR JURY TRIAL</u>**

      Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

October 23, 2018                                        Respectfully submitted,

                                                       */s/ Joseph Scott Davidson*

                                                       Joseph Scott Davidson
                                                       Mohammed Omar Badwan
                                                       **SULAIMAN LAW GROUP, LTD.**
                                                       2500 South Highland Avenue
                                                       Suite 200
                                                       Lombard, Illinois 60148
                                                       +1 630-575-8181
                                                       jdavidson@sulaimanlaw.com
                                                       mbadwan@sulaimanlaw.com

                                                       *Counsel for James Ingram*